**Devlinhair Prods., Inc. v Pinder**

2026 NY Slip Op 30837(U)

March 3, 2026

Supreme Court, New York County

Docket Number: Index No. 652098/2020

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 42M

------------------------------------------------------------------------------X

DEVLINHAIR PRODUCTIONS, INC.

Plaintiff,

- v -

KATHARYN PINDER,

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652098/2020 |
| **MOTION DATE** | 02/17/2026 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON
MOTION IN LIMINE**

HON. EMILY MORALES-MINERVA:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277

were read on this motion to/for                PRECLUDE                .

Trial courts have "wide discretion in making evidentiary rulings" subject to review for "abuse of discretion" (Mazella v Beals, 27 NY3d 694, 709 [2016], quoting People v Carroll, 95 NY2d 375, 385 [2000]). Further, a trial court's error in ruling on an evidentiary matter "shall be disregarded if a substantial right of a party is not prejudiced" (CPLR § 2002).

"Under general evidentiary principles, all relevant evidence is admissible unless its admission violates some exclusionary rule" (People v Frumusa, 29 NY3d 364, 370 [2015] [citations and quotations omitted]). Relevant in regards to evidence means the proffered material or testimony "has any

652098/2020  DEVLINHAIR PRODUCTIONS, INC. vs. PINDER, KATHARYN
Motion No.  005

Page 1 of 4

[* 1]

tendency in reason to prove the existence of any material fact" (People v Harris, 26 NY3d 1, 5 [2015] [emphasis added][citation and quotations omitted]). For example, "a fact directly at issue in the case" (People v. Primo, 96 NY2d 351, 355 [2001]).

However, relevant evidence should be excluded where "it is too slight, remote, or conjectural to outweigh risks [of trial delay, undue prejudice to the opposing party, confusing the issues or misleading the jury]" (id.).

Here, defendant seeks to exclude from evidence an undated spreadsheet that plaintiff intends to offer to the Court as proof of damages in this action for breach of non-compete and non-solicitation clauses, misappropriation of trade secrets and breach of loyalty. The spreadsheet has no header or other marker identifying its source in any way and is in such a small font-point that it is essentially illegible (see New York State Courts Electronic Filing System [NYSCEF] Doc. No. 251, affirmation in support of motion in limine, filed February 17, 2026, exhibit I). Plaintiff purports that non-party Novartis created said spreadsheet for trial to show its payments to non-party Whistle Communication LLC, defendant's company.

Focusing on the expiration of the parties' employment agreement, defendant argues that the payments listed in the subject spreadsheet are not relevant to damages, as non-party Novartis made them years after the restrictions on defendant's

[* 2]

competition expired. As to prejudice, defendant argues that the spreadsheet would prejudice her by creating an inference that plaintiff "has suffered damages beyond those it may have actually incurred during the Restrictive Covenant Period" (NYSCEF Doc. No. 250, memorandum of law in support of mot. in limine, at 6).

Plaintiff counters that the payments are relevant, if those payments were earned during the period when the non-compete and non-solicitation clauses were in effect, even if paid after the period expired. In addition, plaintiff also essentially argues that such payments are relevant for a determination of damages under plaintiff's causes of action sounding in equity. As to prejudice, plaintiff highlights that this matter is proceeding to a bench trial and that no undue prejudice exists.

Upon consideration of the arguments, the pleadings and the substantive law, the Court exercises its discretion to deny defendant's request to exclude the subject spreadsheet <u>solely</u> on relevance and undue prejudice. The Court, among other things, finds no risk of undue prejudice against defendant. Further, the arguments defendant raised on record go to the weight, if any, that the undersigned, as factfinder, should afford the spreadsheet.

Finally, this ruling leaves open defendant's right to object to such evidence on other grounds or to make arguments

652098/2020 DEVLINHAIR PRODUCTIONS, INC. vs. PINDER, KATHARYN
Motion No. 005

Page 3 of 4

[* 3]

that go to the weight of such evidence if the spreadsheet is presented at the bench trial. The Court's denial of exclusion at this junction does not indicate that the spreadsheet has been entered as plaintiff's exhibit.

Accordingly, it is

ORDERED that defendant's motion (seq. no. 005) is denied.

| | | |
|---|---|---|
| 3/3/2026 | | |
| DATE | | EMILY MORALES-MINERVA, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED   ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652098/2020   DEVLINHAIR PRODUCTIONS, INC. vs. PINDER, KATHARYN
Motion No. 005

Page 4 of 4

4 of 4